IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARK NGUYEN | § |
| | § |
| Plaintiff/Counter-Defendant, | § |
| | § |
| v. | §     Civil Action No. H-16-2578 |
| | § |
| CHRISTIANA TRUST, *a division* | § |
| *of Wilmington Savings Fund,* | § |
| *Society, FSB, not in its individual* | § |
| *capacity but as trustee,* | § |
| | § |
| Defendant/Counter-Plaintiff, | § |
| | § |
| FAY SERVICING, L.L.C., | § |
| | § |
| Defendant. | § |

## ORDER

Pending before the Court is Christiana Trust and Fay Servicing LLC's Motion for Summary Judgment and Brief in Support (Document No. 29). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

## I. BACKGROUND

This is a mortgage foreclosure case concerning property located at 10418 Kirkshire Drive, Houston, Texas 77089 (the "Property"). On September 27, 2001, Plaintiff Mark Nguyen ("Nguyen") executed a Home Equity Security Instrument

(the "Security Instrument") in favor of Bank of America, N.A. ("BOA") to secure a Fixed Rate Note (the "Note") in the amount of $73,040.00.[1] On November 20, 2014, an assignment of the Security Instrument from BOA to Defendant Christiana Trust ("Christiana") was recorded in the Harris County Property Records. Defendant Fay Servicing LLC ("Fay") is Christiana's mortgage servicer.[2] Nguyen alleges the Loan Agreement does not comply with the Texas Constitution and is therefore void. Defendants allege the Loan Agreement is valid and Nguyen defaulted on his loans.

Based on the alleged constitutional defects in the Loan Agreement, on July 1, 2016, Nguyen filed suit against the Defendants in the 152nd Judicial District Court of Harris County, Texas. On August 24, 2016, the Defendants removed the case to this Court. On October 24, 2016, Nguyen filed an amended complaint, asserting claims for breach of contract, suit to remove cloud and quiet title, and seeking declaratory and injunctive relief (collectively, the "Claims"). On February 23, 2017, Christiana filed a counterclaim (the "Counterclaim") against Nguyen, seeking an order allowing Christiana to foreclose on the Property pursuant to Texas Property Code § 51.002 ("Section 51.002"). On August 15, 2017, Defendants moved for summary judgment on the Claims and the Counterclaim.

---

[1] The Court refers to the Security Instrument and the Note, collectively, as the "Loan Agreement."

[2] The Court refers to Christiana and Fay, collectively, as the "Defendants."

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* FED. R. CIV. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Moreover, conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint. *Nat'l*

*Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir. 1994). If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Furthermore, it is not the function of the court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

### III. LAW & ANALYSIS

Defendants move for summary judgment on the Claims and the Counterclaim, seeking a judgment (1) dismissing the Claims; and (2) allowing Christiana to foreclose on the Property. The Court first addresses Defendants' motion for summary judgment on the Claims, then turns to the Counterclaim.

*A.    The Claims*

The Claims are based solely on Nguyen's allegation that the Loan Agreement does not comply with article XVI, § 50(a)(6) of the Texas Constitution ("Section 50(a)(6)"). Defendants seek summary judgment on the Claims, contending there is no evidence that the Loan Agreement is constitutionally defective. Nguyen has not responded to Defendants' motion for summary judgment on the Claims.[3] Section 50(a)(6) "contains numerous constraints to which a home equity loan must adhere." *Waggoner v. Deutsche Nat'l Bank Tr. Co.*, 181 F. Supp. 3d 445, 449 (S.D. Tex. 2016) (Hanks, J.); TEX. CONST. art. XVI, § 50(a)(6).

Nguyen's amended complaint alleges the Loan Agreement does not comply with Section 50(a)(6). However, in response to Defendants' motion for summary judgment, Nguyen does not provide any evidence of the Loan Agreement's alleged violations of Section 50(a)(6). Further, Defendants provide evidence that the Loan Agreement complied with Section 50(a)(6).[4] The Court therefore finds that the undisputed evidence establishes the Loan Agreement did not violate Section

---

[3] Pursuant to Local Rule 7.4, the failure to respond is taken as a representation of no opposition. S.D. TEX. LOCAL R. 7.4. However, "[t]he mere failure to respond to a motion is not sufficient to justify dismissal with prejudice." *Watson v. United States ex rel. Lerma*, 285 F. App'x 140, 143 (5th Cir. 2008).

[4] *Christiana Trust and Fay Servicing LLC's Motion for Summary Judgment and Brief in Support*, Document No. 29, Exhibit A, at 63–66.

50(a)(6).[5] Accordingly, because all of the Claims are based on Nguyen's allegation that the Loan Agreement violated Section 50(a)(6), Defendants' motion for summary judgment is granted as to the Claims.

## B. The Counterclaim

Defendants seek summary judgment on the Counterclaim for a judgment allowing Christiana to foreclose on the Property pursuant to Section 51.002. Nguyen has not responded to Defendants' motion for summary judgment on the Counterclaim.[6] To foreclose under Section 51.002, a lender must show that (1) a debt exists; (2) the debt is secured by a lien created under Section 50(a)(6); (3) the plaintiff is in default under the note and security instrument; and (4) plaintiff received notice of default and acceleration. *See* TEX. PROP. CODE § 51.002; *see also HSBC Bank USA v. Johnson*, CIVIL ACTION NO. H-15-0277, 2016 WL 1626219, at *2 (S.D. Tex. Apr. 25, 2016) (Atlas, J.).

The undisputed summary judgment evidence establishes a debt arising out of a home equity loan exists—evidenced by a note and security instrument (the Loan

---

[5] Defendants also contend that even if there were constitutional defects in the Loan Agreement, Christiana properly offered to cure such defects. In light of the Court's holding, however, the Court need not address this contention.

[6] Pursuant to Local Rule 7.4, the failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. However, "[t]he mere failure to respond to a motion is not sufficient to justify dismissal with prejudice." *Watson v. United States ex rel. Lerma*, 285 F. App'x 140, 143 (5th Cir. 2008).

Agreement)—between Nguyen and Christiana,[7] the debt is secured by a lien on the Property created pursuant to Section 50(a)(6),[8] Nguyen is in default under the Loan Agreement,[9] and Nguyen received timely notice of his default, Defendants' intent to accelerate, and acceleration.[10] Further, it is undisputed that Christiana, as the assignee of the Loan Agreement, and Fay, as Christiana's authorized mortgage servicer, are the proper parties to conduct a foreclosure sale. The Court therefore finds the undisputed evidence establishes Christiana's right to foreclose as a matter of law pursuant to Section 51.002. Accordingly, Defendants' motion for summary judgment is granted as to the Counterclaim.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Christiana Trust and Fay Servicing LLC's Motion for Summary Judgment and Brief in Support (Document No. 29) is **GRANTED**. All of the claims asserted in this lawsuit by Plaintiff Mark Nguyen are hereby **DISMISSED WITH PREJUDICE**. The Court further

---

[7] *Christiana Trust and Fay Servicing LLC's Motion for Summary Judgment and Brief in Support*, Document No. 29, Exhibit A, at 8–24.

[8] *Christiana Trust and Fay Servicing LLC's Motion for Summary Judgment and Brief in Support*, Document No. 29, Exhibit A, at 8–24.

[9] *Christiana Trust and Fay Servicing LLC's Motion for Summary Judgment and Brief in Support*, Document No. 29, Exhibit A, at 4–5.

[10] *Christiana Trust and Fay Servicing LLC's Motion for Summary Judgment and Brief in Support*, Document No. 29, Exhibit A, at 30–32, 37–39, 46–51.

**ORDERS** that Christiana may proceed with foreclosure of the Property as provided by the Security Instrument and pursuant to Texas Property Code § 51.002.

The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, on this __9__ day of November, 2017.

_____
DAVID HITTNER
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| MARK NGUYEN | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | Civil Action No. H-16-2578 |
| | § | |
| CHRISTIANA TRUST, *a division* | § | |
| *of Wilmington Savings Fund,* | § | |
| *Society, FSB, not in its individual* | § | |
| *capacity but as trustee,* | § | |
| | § | |
| Defendant/Counter-Plaintiff, | § | |
| | § | |
| FAY SERVICING, L.L.C., | § | |
| | § | |
| Defendant. | § | |

## FINAL JUDGMENT

Because the Court has dismissed all claims asserted in this lawsuit by Plaintiff Mark Nguyen ("Nguyen") against Defendants Christiana Trust ("Christiana") and Fay Servicing LLC ("Fay") (collectively, "Defendants"), and granted summary judgment in favor of Defendants on Christiana's counterclaim for foreclosure pursuant to Texas Property Code § 51.002, the Court hereby

**ORDERS** that Plaintiff Mark Ngyuen's case is **DISMISSED**. The Court further

**ORDERS** that Defendant Christiana Trust may enforce its lien through non-judicial foreclosure, as provided by the Security Instrument and Texas Property Code § 51.002 on the following described property—commonly known as 10418 Kirkshire Drive, Houston, Texas 77089:

LOT FIVE (5) IN BLOCK TWENTY-FIVE (25), OF KIRKWOOD SUBDIVISION, SEC. 7 AN ADDITION IN HARRIS COUNTY, TEXAS.

**THIS IS A FINAL JUDGMENT**

SIGNED at Houston, Texas, on this ___9 day of November, 2017.

                                  DAVID HITTNER
                         United States District Judge